IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE v. ERIC C. PENDLETON

**Direct Appeal from the Criminal Court for Davidson County
No. 87-S-777     J. Randall Wyatt, Jr., Judge**

---

**No. M2003-01762-CCA-R3-CD - Filed May 20, 2004**

---

The petitioner was convicted of first degree murder and aggravated assault on July 29, 1987. On January 22, 2003, the petitioner filed a *pro se* petition for writ of error coram nobis.  On May 14, 2003, the State filed a motion to dismiss the petition without a hearing, and this motion was granted on May 15, 2003.  We conclude that the trial court did not err in finding that the petition is time barred, and the petitioner has not advanced any grounds for which the statute of limitations should be tolled.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Eric C. Pendleton, Nashville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Eric Pendleton, was convicted of first degree murder and aggravated assault on July 29, 1987. State v. Eric C. Pendleton, No. 87-189-III, 1988 Tenn. Crim. App. LEXIS 586 (Tenn. Crim. App., Sept. 28, 1988).  He was sentenced to life imprisonment for the murder conviction and six years for the aggravated assault conviction.  On January 22, 2003, the petitioner filed a *pro se* petition for writ of error coram nobis.  He then filed a motion to place the writ in abeyance.  On April 22, 2003, he filed a motion to move the petition out of abeyance.  On May 14, 2003, the State filed a motion to dismiss the petition without a hearing, and this motion was granted on May 15, 2003.  The defendant filed a motion to rescind and set aside the order of dismissal on May 27, 2003.  The trial court denied this motion on June 18, 2003.  The petitioner filed his notice

of appeal on July 10, 2003. He contends on appeal that due process requires tolling of the statute of limitations in this case. We affirm the judgment of the trial court.

**Analysis**

The petitioner contends on appeal that the trial court erred in dismissing his petition for writ of error coram nobis. Trial courts may grant a criminal defendant a new trial following a judgment of conviction under limited circumstances through the extraordinary remedy offered by a writ of error coram nobis. Tenn. Code Ann. § 40-26-105; State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis may be granted where the defendant establishes the existence of newly discovered evidence relating to matters litigated at trial if the defendant shows he was without fault in failing to present the evidence at the proper time, and if the judge determines the evidence may have resulted in a different judgment had it been presented to the jury. Tenn. Code Ann. § 40-26-105; Mixon, 983 S.W.2d at 668. The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. Tenn. Code Ann § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). Therefore, we will not overturn the decision of the trial court absent a showing of abuse of discretion.

A petition for writ of error coram nobis is barred by the statute of limitations if it is not tolled. The appropriate period for filing is one year after the judgment becomes final in the trial court or, if a post-trial motion is filed, one year from entry of an order disposing of the post-trial motion. Tenn. Code Ann. § 27-7-103; Mixon, 983 S.W.2d at 670. It is obvious that the petition for writ of error coram nobis in this case was filed outside of the applicable statute of limitations. It was filed approximately fifteen years after the judgment became final in the trial court. However, the petitioner argues that the statute of limitations should be tolled under the authority of Workman v. State, 41 S.W.3d 100 (Tenn. 2001) and State v. Ratliff, 71 S.W.3d 291 (Tenn. Crim. App. 2001). In Workman, our supreme court held that the constitutional rights of due process may require tolling of the statute of limitations in a proceeding where a petition for writ of error coram nobis has been filed. 41 S.W.3d at 103. Workman involved a capital case wherein the petitioner argued that late-discovered evidence, including a previously unavailable x-ray and the recanted testimony of a crucial witness, would show that he was actually innocent of the crime for which he was convicted. The court concluded that the defendant's private interest to have a hearing on the grounds of newly discovered evidence which may have established his actual innocence outweighed the State's interest in preventing stale and groundless claims. Id. In Ratliff, this court applied the holding in Workman to a conviction in a non-capital case. 71 S.W.3d at 298. The defendant in Ratliff was convicted of rape of a child and sentenced to serve twenty-four years in the Department of Correction. The judgment became final on December 7, 1998. The defendant filed a petition for writ of error coram nobis on December 21, 1999, fourteen days outside the applicable statute of limitations. The new evidence was alleged to be a total recantation of the testimony by the victim. This court noted that the great weight of evidence against the defendant came from the testimony of the victim at trial. In November 1999, the victim and her mother had contacted the prosecutor's office to discuss the fact that the victim had given false testimony at the defendant's trial. This court held that, under the

circumstances, due process precluded a summary dismissal of the petition for writ of error coram nobis based upon the expiration of the statute of limitations. Id.

The petitioner contends that the State violated Brady by failing to disclose exculpatory evidence. This purported "newly discovered evidence" was discovered by the petitioner in 1997 and 1998. Tennessee Code Annotated section 40-26-105 limits relief "to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." The Brady violations alleged by the petitioner are not "newly discovered evidence" within the parameters for relief provided by the writ of error coram nobis. We conclude that the trial court did not err in finding that the petition is time barred, and the petitioner has not advanced any grounds for which the statute of limitations should be tolled. Accordingly, the petitioner is not entitled to relief on this issue.

Additionally, the petitioner contends that the trial court erred in failing to allow him time to respond to the State's motion to dismiss his petition. The trial court properly dismissed the petition as being time barred. Therefore, the petitioner was not entitled to have an opportunity to respond to the State's motion to dismiss. See Anthony Freeman v. State, No. W2002-01548-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 249 (Tenn. Crim. App., at Jackson, Mar. 19, 2003); Raymond Blue v. State, No. W2001-01872-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 285 (Tenn. Crim. App., at Jackson, Mar. 27, 2002).

## Conclusion

Based on the foregoing and the record as a whole, we conclude that the trial court did not err in finding that the petition is time barred, and the petitioner has not advanced any grounds for which the statute of limitations should be tolled. We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE